| | | |
|---|---|---|
| AMANDA HIPPLE, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:25-CV-201 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| MARCIA ERICA EBANKS, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Defendant.* | ) | |

## **M E M O R A N D U M**

Before the Court is Plaintiff's motion for default judgment against Defendant (Doc. 12) and Defendant's motion to set aside entry of default[1] (Doc. 13). Plaintiff responded in opposition to Defendant's motion (Doc. 16) and Defendant replied (Doc. 17).

## I.   **PROCEDURAL POSTURE**

On June 23, 2025, Plaintiff filed a complaint for copyright infringement, unfair competition, unfair and deceptive trade practices, and breach of contract. (Doc. 1.) On November 25, 2025, Plaintiff filed an affidavit of service attesting that valid service was effected on Defendant on November 6, 2025. (Doc. 9.)

More than twenty-one days elapsed after Defendant was served, but Defendant did not file an answer or other responsive pleading within the time prescribed by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Accordingly, on December 12, 2025, Plaintiff filed an application for clerk's entry of default pursuant to Rule 55(a) on the grounds that "Defendant was

---

[1] Defendant's motion is titled "Request to Correct the Record." (Doc. 13 at 1.) The Court construes the motion as a motion to set aside entry of default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983) ("[A]n answer or other opposition to a motion for default may be treated as a motion to set aside entry of default."). Additionally, Defendant later includes in her reply a paragraph titled "Defendant's Motion for Relief From Judgment" under Federal Rule of Civil Procedure 60(b). (Doc. 17 at 7.)

properly served and has failed to plead or otherwise defend." (Doc. 10 at 1.) On December 15, 2025, the Clerk of Court entered default against Defendant. (Doc 11.) The next day, Plaintiff moved for default judgment pursuant to Rule 55(b)(2). (Doc 12.) Approximately two weeks later, on December 29, 2025, Plaintiff filed a motion for relief from judgment. (Doc. 13.) Plaintiff responded on January 12, 2026, and Defendant replied on February 9, 2026.

## II.      STANDARD OF REVIEW

Defendant is representing herself in this lawsuit. Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). But litigants who are representing themselves are still required to comply with the rules of procedure. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

When a party fails to plead or otherwise defend against a claim for affirmative relief "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk has entered a default, a party seeking affirmative relief may move for and obtain a judgment by default from the clerk if the party's "claim is for a sum certain or a sum that can be made certain by computation," or, in all other cases, from the Court, which may conduct hearings or make referrals as appropriate to determine the amount of the judgment. *Id*. at (b)(1)–(2). The Court "may set aside an entry of default for good cause." *Id*. at (c); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983) ("When relief is sought only from the entry of default the standard is 'good cause.'")

When considering a motion to set aside the entry of default, the Court construes all ambiguous or disputed facts in the light most favorable to Defendant. *Dassault Systemes, SA v.*

*Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (citing *INVST Fin. Grp., v. Chem-Nuclear Sys.*, 815 F.2d 398 (6th Cir. 1987).

### III.  BACKGROUND

In or around 2003, Plaintiff wrote a children's book titled "Tiny Tailed Timmy" ("the Work"). (Doc. 1 ¶ 11.) Years later, Plaintiff sought to commission illustrations to accompany the text. (*Id*. ¶ 14.) In approximately 2020, Plaintiff met Defendant through the H*Art Gallery in Chattanooga, Tennessee. The parties made an agreement for Defendant to create illustrations inspired by Plaintiff's story. (*Id*. ¶ 15; Doc. 13 at 1.)

The rights associated with the Work are in dispute. Plaintiff alleges that, in approximately 2023, Defendant began marketing a children's book titled "Tiny Tailed Tammy" with herself as the sole author. (Doc. 1 ¶¶ 24, 27.) On June 23, 2025, believing that Defendant's product and related merchandise infringed on her copyright, Plaintiff filed a complaint. (*Id.* at 1, ¶ 25.) This Court issued summons on June 25, 2025. (Doc. 5.)

On October 28, 2025, in response to the Court's order to show cause for lack of prosecution (Doc. 6), Plaintiff detailed failed efforts made to serve Defendant. (Doc. 7.) Plaintiff hired a private process server in Florida, Defendant's last known location. (*Id*. at 1–2.) The process server attested to making numerous attempts at service at Defendant's place of residence. (*Id*. at 1.) During these attempts, the process server "observed signs of occupancy, including cars in the driveway and movement inside the residence." (*Id.* at 2.) However, no service was effected. On November 6, 2025, service of the summons was executed on Defendant at her place of employment. (Doc. 9 at 1.) On November 25, 2025, Plaintiff filed an affidavit of service attesting to this. (*Id.*)

3

## IV. **DISCUSSION**

The court tends to view default judgments with disfavor and instead favors trials on the merits. *Geig v. March Co.*, No. 94-3105, 1995 U.S. App. LEXIS 15761, *6 (6th Cir. June 22, 1995); *United Coin Meter*, 705 F.2d at 846 ("Trials on the merits are favored in federal courts. . . ."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845. The court applies Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *Id.* (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)).

"[M]ere negligence or failure to act reasonably is not enough to sustain a default" under Rule 55(c). *United States. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). A defendant instead "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).

In considering a request to set aside an entry of default under Rule 55(c) a court considers three factors: whether the default was willful, whether the plaintiff will be prejudiced by the set-aside, and whether the alleged defense is meritorious. *Dassault Systemes,* 663 F.3d at 838–39. A less demanding standard applies to a motion to set aside an entry of default under 55(c) than to a motion to set aside a final judgment of default under 60(b). *Id.* at 839. The Court will address each factor in turn.

### 1. **Willfulness**

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986).

4

If a defendant can show a credible explanation for the delay that does not exhibit disregard for judicial proceedings, the motion should be granted. *Id*. at 195.

Here, Plaintiff alleges that, over the course of five months, Plaintiff made diligent efforts to contact Defendant, but service was intentionally avoided. (Doc. 16 at 1–2.) In support, Plaintiff points to alleged instances such Defendant not returning phone calls or message and where there were cars in the driveway and movement or lights in the house, but the service processer received no answer at the door. (*Id.*) In response, Defendant claims the service was improper because the process server delivered documents to a business address, refused to identify themselves, and were trespassing. (Doc. 13 at 2.) Defendant asserts that "[t]he first official communication [] Defendant personally received was on December 19, 2025, and [] Defendant [is] responding promptly in the interest of time." (*Id*. at 10.)

While Defendant complains that service was "left in a public location" where she does not reside (Doc. 13 at 10), Plaintiff relies only on the actual delivery of the summons, made in-person, at Defendant's place of business on November 6, 2025. (Doc. 16 at 2.) Even construing ambiguous facts in the light most favorable to Defendant, she knew of this controversy and should have been on notice that she was served. Additionally, Defendant admits that she was aware Plaintiff would be attempting to serve her with process. (Doc. 13 at 4.) ("[I]n light of the Plaintiffs prior statement that they would 'serve' me . . .")

Defendant filed a motion requesting relief from default judgment on December 29, 2025 (Doc. 13), which is ten days after she claims she received the notice of default in the mail. (Doc. 13 at 2.) After Plaintiff filed a response (Doc. 16), Defendant also filed a reply. (Doc. 17). Neither motion shows any signs of disregard or disrespect for the judicial system. Rather, they are deferential and exhibit respect for the proceedings.

Under these circumstances, the strong policy in favor of deciding cases on the merits outweighs the allegations of Defendant willfully thwarting or exhibiting disregard for the proceedings.

### 2. Prejudice

"Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter*, 705 F.2d at 845 (citing *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). "To be considered prejudicial, the delay must result in tangible harm such as lost evidence, discovery problems, or the opportunity for fraud." *Geig*, 1995 U.S. App. LEXIS 15761, at *8.

Plaintiff represents she is prejudiced due to lost potential income during the pendency of the case. (Doc. 1 at 5.) Her publisher will not move forward until the dispute is resolved. (*Id*.) But this delay would not substantially prolong litigation beyond what may be expected.

The large sum of money at issue—up to $180,000 plus attorney fees—also supports excusing Defendant's default and allowing the action to proceed on the merits. (Doc. 1 at 9.) *See Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959) ("[M]atters involving large sums of money should not be determined by default judgments if it can be reasonably avoided.").

### 3. Meritorious defense

"In determining whether a defaulted defendant has a meritorious defense, 'likelihood of success is not the measure.'" *United Coin Meter*, 705 F.2d at 845 (quoting *Keegel*, 627 F.2d at 374). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id*. (citing *Rooks,* 263 F.2d at 169.

Defendant raised numerous defenses in her motion for relief from judgment and incorporated motion to dismiss. These include procedural attacks, such as defective service, as well as substantive attacks, such as lack of a valid contract and whether Defendant's work infringes

6

on Plaintiff's copyright. The Court need not address the relative merits of these defenses at this time, as they are sufficient. It is proper for the parties and Court to address them on their merits, rather than summarily dismiss them by default.

Considering these three factors, the Court finds that default is not appropriate.

## V.      CONCLUSION

Accordingly, Defendant's motion for relief (Doc. 13) will be **GRANTED** and Plaintiff's motion for default judgment (Doc. 12) will be **DENIED**. Additionally, the court will **accept** Defendant's motion to dismiss, incorporated in her motion to set aside default, as a responsive pleading.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7